**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd Tracy, | No. CV-19-08074-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Todd Tracy's ("Petitioner") Petition for Writ of Habeas Corpus. (Doc. 1). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the petition be denied. (Doc. 17). Petitioner filed objections, (Doc. 21), and Respondents responded to those objections, (Doc. 22). The Court now rules on the petition.

**I.   LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, a district court is required to review the Magistrate Judge's recommendations "only when a party object[s]." *Peretz v. United States*, 501 U.S. 923, 939 (1991). If a party objects, "the district judge must review the magistrate judge's findings and recommendations de novo." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). "Absent an objection or request for review . . . the district court [is] not required to engage in any more formal review" of the magistrate judge's recommendations. *Id.* (quoting *United States v. Ciapponi*,

77 F.3d 1247, 1251 (10th Cir. 1996)).

The petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state-court conviction. Section 2254 permits a grant of a writ of habeas corpus in only specific circumstances. A petition must not be granted "unless . . . the applicant has exhausted the remedies available in the courts of the State." *Id.* § 2254(b)(1)(A) (subject to certain exceptions that allow Petitioner to come overcome his failure to exhaust in state court). Even where the petitioner has exhausted state-court remedies, a district court cannot grant relief unless the state conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[1] *Id.* § 2254(d)(1). An unreasonable application of law must be "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Instead, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 420.

## II.   FACTUAL BACKGROUND

The R&R recounts the factual and procedural history of this case, as well as the governing law, at pages 1–4. (Doc. 17 at 1–4). Neither party objected to this portion of the R&R, and the Court hereby accepts and adopts it. In brief, that history is as follows:

Petitioner was indicted on two counts of aggravated assault and three counts of hindering prosecution of a murder. (*Id.* at 1). Based on the evidence at trial, Petitioner, his son Jade, and Jade's friend, Eric, brutally assaulted victim M.C. after Petitioner's girlfriend told them that M.C. had made unwanted sexual advances. (Doc. 13-8 at 118). After the assault, Jade and Petitioner put M.C. into the back of a pickup truck, which Jade drove and then "braked sharply, ejecting M.C. from the back of the truck." (*Id.*). Jade left M.C. in the road before returning to Petitioner's home and recounting the incident to Petitioner.

---

[1] A district court may also grant relief if a state-court conviction "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

- 2 -

(*Id.*). M.C. later died from blunt force trauma. (*Id.*).

After the incident, Petitioner ordered his other son, Cole, to clean up the crime scene. (*Id.*). Cole dumped M.C.'s possessions, and Petitioner abandoned the pickup truck in Golden Valley. (*Id.*) Petitioner then drove Jade to a friend's house in Kingman to avoid arrest. (*Id.* at 118–19).

Although Petitioner testified that he never assaulted M.C., he admitted that he had directed Cole to clean up the crime scene to protect his eight-year-old daughter, who had not yet returned home. (*Id.* at 119). Petitioner also testified that he drove his pickup truck to Golden Valley to avoid being fined $500 for having an unlicensed truck on his property, not to hinder the investigation. (*Id.*). However, Petitioner admitted that he had helped conceal Jade from the police after learning of M.C.'s death. (*Id.*).

A jury convicted Petitioner of two counts of misdemeanor assault and three counts of hindering prosecution. (*Id.*). Petitioner appealed, arguing that (1) the trial court erred by ruling Petitioner's statements to police voluntary; (2) the trial court violated Petitioner's due process rights by giving erroneous jury instructions; and (3) the trial court violated Petitioner's due process rights by failing to cure "jury irregularities." (*Id.* at 119–20, 122). The Arizona Court of Appeals ("Court of Appeals") rejected all of Petitioner's claims. (*Id.* at 125).

Petitioner then filed a petition for post-conviction relief, arguing ineffective assistance of trial counsel. (Doc. 13-9 at 19). The petition alleged that trial counsel erred by (1) not objecting to the trial court's decision to reduce the number of jurors from 12 to 8 and (2) failing to rehabilitate a dismissed juror prior to her dismissal. (*Id.* at 19, 22). The petition was denied, with the court relying on the Court of Appeals' finding that not only was there "no fundamental error but no error at all." (*Id.* at 37). Petitioner appealed, arguing the same grounds as his direct appeal, as well as the new ineffective assistance of counsel claims. (*Id.* at 46, 49, 51, 53). The Court of Appeals summarily denied relief. (*Id.* at 61).

After another failed petition for postconviction relief, (*Id.* at 141), Petitioner filed the current habeas petition, alleging:

- 3 -

> (1) the trial court abused its discretion in finding that his statements to police were voluntary in violation of the Fourteenth Amendment of the Constitution, (2) the trial court denied Petitioner's right to due process by failing to give a lesser-included instruction in violation of his Sixth Amendment rights, and (3) the trial court abused its discretion in regards to the jury irregularities in violation of his Sixth Amendment rights.

(Doc. 17 at 3–4).

## III. ANALYSIS

As a preliminary matter, the Court hereby adopts the Magistrate Judge's findings that (1) the petition was timely; (2) the jury instruction was not erroneous; and (3) the jury irregularities did not violate the Sixth Amendment. Neither party objects to these findings. Instead, Petitioner objects to the Magistrate Judge's recommendation on the voluntariness of his statements to police. He also raises two additional claims for the first time: that a juror's recognition of him from an Alcoholics Anonymous meeting "tainted the other jurors" and that his trial counsel was ineffective for (1) "neglecting to challenge the credibility of the officers," (2) "neglecting to set forth a Defense of premises [d]efense," and (3) for spending only seven minutes explaining the jury instructions to Petitioner. The Court considers each claim in turn.

### A. Voluntariness of Statements

Due process requires that statements made to police be made voluntarily. *Lee v. Mississippi*, 332 U.S. 742, 745–46 (1948). Statements are involuntary when a defendant's will is overborne "by the circumstances surrounding the giving of the [statements]." *Dickerson v. United States*, 530 U.S. 428, 434 (2000). In making this determination, courts must consider the "totality of the circumstances—[including] the characteristics of the accused and the details of the interrogation." *Id.* After considering the totality of the circumstances, the court should "weigh . . . the circumstances of pressure against the power of resistance of the person confessing.'" *Id.* Based on this assessment, the court must conclude that the statement was "made freely, voluntarily[,] and without compulsion or inducement of any sort" to be admissible at trial. *Haynes v. Washington*, 373 U.S. 503, 513 (1963).

Police conducted three interviews of Petitioner. (Doc. 13-8 at 119). During the second interview, Petitioner asked for the charges to be dropped in exchange for his cooperation with the police's efforts to locate Jade. (Doc. 13-1 at 83). Instead, police agreed that Petitioner could spend the night at home if he cooperated. (Doc. 13-1 at 88). The Court of Appeals, in applying the totality of the circumstances test, determined that Petitioner's statements were voluntary. (Doc. 13-8 at 119). Unless this conclusion "involved an unreasonable application of[] clearly established Federal law," or an unreasonable determination of the facts, relief on this claim must be denied. *See* 28 U.S.C. § 2254.

As stated in the R&R, the Court of Appeals identified the correct constitutional test in its opinion; the fact that the opinion cites to Arizona—not federal—cases is of no object. *See Early v. Packer*, 537 U.S. 3, 8 (2002). The Court of Appeals noted that during the first interview, one of the officers stated that "any chance" Petitioner had of "reconciling, seeing [his daughter]" depended on his cooperation with officers. (Doc. 13-1 at 38). In the same interview, an officer later asked Petitioner whether he had "seen [his daughter] off to school" because it would "be the last time [he] saw her" if he did not tell the truth. (Doc. 13-1 at 60). Although these statements, by themselves, might be indicative of coercion, voluntariness requires an evaluation of the "totality of the circumstances." The statements had "no discernible effect on [Petitioner] or his responses to officer's questions" (Doc. 13-8 at 120): Petitioner's responses remained largely the same after these statements were made. (*See, e.g.*, Doc. 13-1 at 38–39, 62). It was not until the second interview that Petitioner, not police, offered to reveal Jade's location in exchange for dropped charges. (Doc. 13-1 at 83).

The statements about Petitioner's daughter appear to be coercive on the surface, but they had no discernible effect until hours later, in a separate interview. There is thus no evidence that shows these statements overbore Petitioner's will. Therefore, the Court of Appeals could not have unreasonably applied "clearly established Federal law" or made an unreasonable determination of the facts by finding the statements voluntary. Accordingly, the Court denies Petitioner's request for relief and adopts the R&R on this claim.

### B. Claims First Raised in Petitioner's Objections

Petitioner raises ineffective assistance of counsel claims and another jury irregularities claim for the first time in his objections. "A district court has discretion, but is not required, to consider evidence or claims presented for the first time in Objections to a Magistrate Judge's [R&R]." *Moore v. Chrones*, 687 F. Supp. 2d 1005, 1016 (C.D. Cal. 2010) (citing *Brown v. Roe*, 279 F.3d 742, 744–45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000)). The Court exercises its discretion and will not consider the claims because, as discussed below, they are procedurally barred without excuse. Moreover, because the claims are procedurally barred without excuse, even if the Court were to exercise its discretion and consider the claims, relief would be denied.

For a claim to be successful on habeas, petitioners must first have "exhausted the remedies available in the courts of the State." § 2254(b). Petitioner has not done so here.

#### 1. Ineffective Assistance of Counsel

Arizona requires ineffective assistance of counsel claims to be raised in a petition for post-conviction relief. *State v. Spreitz*, 202 Ariz. 1, 3, 39 P.3d 525, 527 (2002). However, a petitioner's "assertion of a claim of ineffective assistance of counsel based on one set of facts[] does not exhaust other claims of ineffective assistance based on different facts." *Date v. Schriro*, 619 F. Supp. 2d 736, 788 (D. Ariz. 2008).

Petitioner's three claims for ineffective assistance of counsel raised for the first time in his objections to the R&R were not presented in the state courts. Although Petitioner raised ineffective assistance of counsel claims in his petition for post-conviction relief, they rested on a different factual predicate: failure to object to the jury irregularities. The claims raised for the first time in his objections are factually distinct—involving the failure to challenge a witness's credibility, raise a certain defense, and take more time to explain the jury instructions. There is no factual overlap between these claims and the jury irregularities claim, therefore they were not properly presented in state court. Petitioner did not exhaust this claim in state court, and has not shown cause and prejudice or actual innocence to overcome this failure to exhaust, so relief must be denied. *See Gray v.*

*Netherland*, 518 U.S. 152, 161–62 (1996); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986).

### 2. Juror Recognition Issue

Petitioner next argues that a juror's recognition of him from an Alcoholics Anonymous meeting violated his Sixth Amendment rights. However, this claim was not presented to the state courts at any point and is raised for the first time in Petitioner's objections. Thus, this claim has not been exhausted in the state courts, and Petitioner has not shown cause and prejudice or actual innocence to overcome this failure to exhaust. *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986). Because no exception applies to cure this default, the Court declines to exercise its discretion to hear the claim, and relief is denied. [2]

### C. Certificate of Appealability

An appeal may not be taken from this order unless this Court issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1). A court may issue a COA only if a petitioner has made a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "[T]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Silva v. Woodford*, 279 F.3d 825, 833 (9th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). However, "[a judge] must deny a COA, even when the habeas petitioner has made a substantial showing that his constitutional rights were violated, if all reasonable jurists would conclude that a substantive provision of the federal habeas statute bars relief." *Miller-El v. Cockrell*, 537 U.S. 322, 349–50 (2003) (Scalia, J., concurring).

The Court denies the COA as to all claims because Petitioner has not made a substantial showing that his constitutional rights were violated and reasonable jurists would not find this Court's conclusions regarding the claims debatable under AEDPA's standards. Therefore, the COA is denied.

---

[2] Although the Court does not reach the merits of this claim, the Court notes that the juror was mistaken in thinking she recognized Petitioner because Petitioner had not attended any such meetings. (Doc. 22 at 3). Nonetheless, to avoid any potential for prejudice due to her belief, the juror was designated as an alternate and did not participate in deliberations. (*Id.*).

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Report and Recommendation (Doc. 17) is accepted and adopted. The objections (Doc. 21) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the petition in this case (Doc. 1) is **DENIED** and dismissed with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the certificate of appealability is **DENIED** as to all claims.

Dated this 29th day of September, 2020.

James A. Teilborg
Senior United States District Judge