WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd Tracy, | No. CV-19-08074-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Todd Tracy's ("Petitioner") petition for review. (Doc. 25 at 1). The petition was filed in response to this Court's September 29, 2020 Order adopting the Magistrate Judge's Report and Recommendation ("R&R") and denying Tracy's petition for writ of habeas corpus. (Doc. 23).

**I.    Background**

The procedural history of Petitioner's case was recounted in the Court's prior order. (Doc. 23 at 3). The pertinent facts are as follows:

> A jury convicted Petitioner of two counts of misdemeanor assault and three counts of hindering prosecution. [Doc. 13-8 at 119]. Petitioner appealed, arguing that (1) the trial court erred by ruling Petitioner's statements to police voluntary; (2) the trial court violated Petitioner's due process rights by giving erroneous jury instructions; and (3) the trial court violated Petitioner's due process rights by failing to cure "jury irregularities." (*Id.* at 119–20, 122). The Arizona Court of Appeals ("Court of Appeals") rejected all of Petitioner's claims. (*Id.* at 125).
> 
> Petitioner then filed a petition for post-conviction relief, arguing ineffective assistance of trial counsel. (Doc. 13-9 at 19). The petition alleged that trial counsel erred by (1) not objecting to the trial court's decision to reduce the number of jurors from 12 to 8 and (2) failing to rehabilitate a dismissed juror prior to her dismissal. (*Id.* at 19, 22). The petition was denied, with the court relying on the Court of Appeals' finding that not only was there "no fundamental error but no error at all." (*Id.* at 37). Petitioner

> appealed, arguing the same grounds as his direct appeal, as well as the new ineffective assistance of counsel claims. (*Id.* at 46, 49, 51, 53). The Court of Appeals summarily denied relief. (*Id.* at 61).
>
> After another failed petition for postconviction relief, (*Id.* at 141), Petitioner filed [a] habeas petition, alleging
>
>> (1) the trial court abused its discretion in finding that his statements to police were voluntary in violation of the Fourteenth Amendment of the Constitution, (2) the trial court denied Petitioner's right to due process by failing to give a lesser-included instruction in violation of his Sixth Amendment rights, and (3) the trial court abused its discretion in regards to the jury irregularities in violation of his Sixth Amendment rights. (Doc. 17 at 3–4).

(Doc. 23 at 3–4).

The Magistrate Judge issued an R&R recommending that the Court dismiss all of Petitioner's claims with prejudice. (Doc. 17 at 16). Petitioner objected to the R&R's finding that his statements to police were voluntary. (Doc. 21 at 2). He also raised two new claims for the first time in his objections:

> that a juror's recognition of him from an Alcoholics Anonymous meeting "tainted the other jurors" and that his trial counsel was ineffective for (1) "neglecting to challenge the credibility of the officers," (2) "neglecting to set forth a Defense of premises [d]efense," and (3) for spending only seven minutes explaining the jury instructions to Petitioner.

(Doc. 23 at 4).

The Court adopted the Magistrate Judge's recommendation as to the voluntariness claim and declined to exercise its discretion to consider the two claims raised for the first time in Petitioner's objections. (*Id.* at 5–7). Petitioner now asks the Court to grant his "petition for review." (Doc. 25).

## II.   Legal Standard

"Relief from judgment may be sought under either Federal Rule of Civil Procedure 59(e) or 60(b)." *Camboni v. Brnovich*, No. CV-15-02538-PHX-JAT, 2016 WL 4592160, at *1 (D. Ariz. Sept. 2, 2016). It is unclear which motion Petitioner is making under these rules. Therefore, "the court [must] construe it . . . to be the type proper for the relief requested." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983).

Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60(b) provides

the following:

> [T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

Petitioner argues that the Court erred by failing to exercise its discretion to consider claims raised for the first time in his objections to the R&R. (Doc. 25 at 1). This Court originally declined to consider Petitioner's claims first raised in his objections because they were not raised in the state courts as required by 28 U.S.C. § 2254.[1] He now argues that he did present these claims in state courts, and thus the court erred. Petitioner also challenges the Court's refusal to consider claims Petitioner failed to object to in the R&R and the Court's finding on the merits that Petitioner's confession was voluntary. (*Id.*).

This "petition for review" was filed within the twenty-eight days required by Rule 59(e), and Petitioner's argument challenges the substantive accuracy of the Court's previous order. Therefore, the petition can properly be characterized as a Rule 59(e) motion. *See Camboni*, 2016 WL 4592160, at *1 ("Given that Plaintiff's motion clearly alleges that the Court erred substantively in dismissing the action, and was filed within twenty-eight days of judgment being entered, Plaintiff's motion for post-judgment relief is properly addressed under Rule 59(e)."); *see also Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'n*, 537 F.2d 1058, 1061 (9th Cir. 1976) ("[N]omenclature is not controlling."). The Court thus decides Petitioner's claims under Rule 59(e).[2]

---

[1] This Court also found that Petitioner had not "shown cause and prejudice or actual innocence to overcome his failure to exhaust in state court." (Doc. 23 at 6–7 (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

[2] Although Rule 60(b)(1) allows relief from a final judgment for "mistake," the Court finds no mistake in its prior order, so even if the Court were to construe the motion as one under this Rule, the outcome would be the same. Neither can Petitioner meet the very high bar for relief under Rule 60's provision for "any other reason that justifies relief." This provision requires a finding of "extraordinary circumstances," which Petitioner makes no

- 3 -

**III. Discussion**

Although Rule 59(e) permits a district court to reconsider and amend a previous order, it is "appropriate only in rare circumstances." *McCauley v Najafi*, No. CV-16-03461-PHX-SPL, 2020 WL 2097781, at *1 (D. Ariz. Apr. 30, 2020) (citing *Kona Enters, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). The Rule is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters, Inc.*, 229 F.3d at 890 (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)). The motion may be granted only in highly unusual circumstances, such as when the "district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Motions for reconsideration cannot be used merely because a plaintiff disagrees with the Court's decision." *Frankel v. Aramark Servs., Inc.*, No. CV-16-03101-PHX-JAT, 2018 WL 4899520, at *2 (D. Ariz. Oct. 9, 2018) (quoting *Reyes v. City of Phoenix*, No. CV-17-04741-PHX-JAT, 2018 WL 4377161, at *3 (D. Ariz. Sept. 14, 2018)).

Here, Petitioner makes no mention of newly discovered evidence or a change in the law. Therefore, Petitioner's claims rest on "clear error". The Court addresses each of his arguments in turn.

### A. Court's Refusal to Consider Claims

Petitioner asserts that the Court erred in failing to consider four of his claims because of procedural defect: (1) two jury irregularity claims, (2) a faulty jury instruction claim, and (3) an ineffective assistance of counsel claim. (Doc. 25 at 1). The Court finds no error on any ground.

#### 1. Petitioner's Failure to Object

First, Petitioner did not object to the jury irregularity claim presented to the Magistrate Judge, so the Court was not required to consider the claim. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("*Absent an objection . . . the district

---

showing of here. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

- 4 -

court [is] not required to engage in any more formal review . . . ." (emphasis added) (quoting *United States v. Ciapponi*, 77 F.3d 1247, 1251 (10th Cir. 1996))). Of the two juror issues at trial, both are procedurally barred. The first issue occurred when Juror #122 informed the court that she thought she recognized Petitioner from an Alcoholics Anonymous meeting. (Doc. 13-8 at 87–88). That juror was designated as an alternate. (*Id.*) The second issue arose during jury deliberations, when Juror #106 "alerted the court that she had problems deliberating with the rest of the jurors . . . and was not understanding 'any of it.'" (*Id.* at 31). The trial judge decided that Juror #106 had to be removed, and the defense objected to bringing back Juror #122. (*Id.* at 32). As a result, the prosecution agreed to drop "all of the alleged aggravating factors on the hindering prosecution charges" so the trial could proceed with eight jurors instead of twelve.[3] (*Id.*) Although Petitioner raised the Juror #106 claim on his direct appeal and appeal of his petition for postconviction relief, (*Id.* at 20–43; Doc. 13-9 at 51–53), he failed to raise the Juror #122 claim until his objections to the Magistrate Judge's R&R. (Doc. 21 at 3–4).

The claim raised in the habeas petition and reviewed by the Magistrate Judge involved Juror #106 and "the [trial] court's decision to excuse a juror who had reported she did not understand what was going on, and to reduce the jury to eight members after the prosecutor stipulated to withdraw allegations that might result in punishment of thirty years or more." (Doc. 17 at 13). In contrast, Petitioner's objections presented an entirely new jury irregularity claim involving Juror #122 and her belief "that she [knew] Petitioner Todd Tracy from a 12[-]step AA program." (Doc. 21 at 3). Petitioner did not object to the Magistrate Judge's decision on the Juror #106 jury irregularity claim; instead, he presented a distinct, new claim involving Juror #122. Therefore, the Court does not have to consider the Juror #106 claim because Petitioner failed to object. *See Reyna-Tapia*, 328 F.3d at 1121.

---

[3] Arizona law requires a twelve-person jury for cases "in which a sentence of death or imprisonment for thirty years or more is authorized by law." A.R.S. § 21-102(A) (2020). All other cases are tried by eight-person juries. *Id.* § 21-102(B). By dropping the aggravating factors, the prosecution reduced the maximum sentence from one that was "thirty years or more," which allowed the case to proceed with eight jurors.

Second, as to Petitioner's challenge to the Court's decision on the faulty jury instruction claim, he also did not object to the Magistrate Judge's recommendation. (*See* Doc. 21 at 1–4). Again, because Petitioner did not object, this Court did not err in declining to consider the claim. *See Reyna-Tapia*, 328 F.3d at 1121.

### 2. Claims Raised for the First Time in Petitioner's Objections

Petitioner argues that, contrary to the Court's findings, he raised his Juror #122 jury irregularity claim and his ineffective assistance of counsel claim in his appeal of the denial of his petition for postconviction review, filed on May 16, 2017. (Doc. 25 at 1). This Court has reviewed the state-court records and once again finds that these claims were never presented to the state courts as required by § 2254.[4]

For the district court to consider federal claims on habeas review, Petitioner must have exhausted state-court remedies. § 2254(b)(1)(A). This means that Petitioner must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A habeas claim is procedurally defaulted it "if was not fairly presented to the state courts." *Id.* "In order to 'fairly present' an issue to a state court, a [habeas] petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.'" *Kyzar v. Ryan*, 780 F.3d 940, 947 (9th Cir. 2015) (citing *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013)). The claim must be made with "considerable specificity" to satisfy the exhaustion requirement. *Rose v. Palmateer*, 395 F.3d 1108, 1111 (9th Cir. 2005) (citing *Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("[M]ere similarity of claims is insufficient to exhaust")).

Here, Petitioner's brief for his direct appeal raised three claims: (1) that the trial

---

[4] Petitioner seems to assert an actual innocence claim to excuse the procedural default. (Doc. 25 at 1) ("Petitioner Todd Tracy respectfully request[s] said petition for review be granted in the interest of justice based on *actual innocence* . . . ." (emphasis added)). Aside from this broad proclamation, however, Petitioner makes no specific argument regarding innocence for the Court to review. Because Petitioner does not "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional errors," *Schlup v. Delo*, 513 U.S. 298, 316 (1995), his actual innocence claim must fail.

court erred by finding his confession voluntary; (2) that the trial court erred by giving an improper jury instruction; and (3) that the trial court erred by failing to attempt to rehabilitate Juror #106 and instruct the jury to discontinue deliberations. (Doc. 13-8 at 19, 27, 30). His petition for postconviction review raised a claim for ineffective assistance of counsel premised on trial counsel's failure to object to "the Court's handling of [Juror #106]" and "to the Court not instructing the reconstituted jury to begin their deliberations anew." (Doc. 13-9 at 22–23, 37). After the state court denied Petitioner's request for postconviction relief, he filed an appeal, in which he again raised the voluntariness claim, the jury instruction claim, the Juror #106 jury irregularity claim, and the ineffective assistance of counsel claim premised on counsel's failure to object to the trial court's handling of the Juror #106 issue. (*Id.* at 46, 49, 51, 53).

Although Petitioner attempts to assert that broad terms like "jury irregularities" and "ineffective assistance of counsel" can encompass the entirely distinct claims raised in the state courts, (Doc. 25 at 1–2), this conclusion is flawed. "[M]ere similarity of claims is insufficient to exhaust." *Frankel v. Aramark Servs., Inc.*, 2018 WL 4899520, at *2. The only similarities between these claims and the ones presented to the state courts are their names. The factual predicate is entirely distinct; the case here involves "juror irregularities" of an entirely different juror (Juror #122), and an ineffective assistance of counsel claim premised on arguments that have no overlap with the state-court arguments, which focused entirely on trial counsel's conduct regarding Juror #106. The state courts would not have been able to anticipate the claims raised for the first time in Petitioner's objections. Moreover, this Court has clearly stated that "assertion of a claim of ineffective assistance of counsel based on one set of facts[] *does not exhaust* other claims of ineffective assistance based on different facts." *Date v. Schriro*, 619 F. Supp. 2d 736, 788 (D. Ariz. 2008) (emphasis added). Therefore, the Petitioner failed to exhaust both the Juror #122 jury irregularity claim and the new ineffective assistance of counsel claims in state court, and this Court may not consider them on habeas review.

### B.     Voluntariness

It is unclear whether Petitioner challenges the validity of his confession because it was not made "voluntarily" or because the police failed to provide *Miranda* warnings while he was in custody. (Doc. 25 at 2). Although Petitioner states that he "was not free to leave" and as a matter of law "was placed in custody," so "Miranda warnings should have been advised," he also ends this section by arguing his "willingness to leave [was] overbourne [sic]." (*Id.*) Petitioner seems to confuse two legal requirements: first, that statements made to police be made voluntarily, and second, that police provide *Miranda* warnings when a suspect is "in custody." The Court will consider both arguments.

First, the Court decided the voluntariness argument on the merits in its prior order. (Doc. 23). Therefore, the fact that Petitioner alleges he raised this argument in his petition for postconviction relief in state court is irrelevant. In addition, Petitioner advances no new arguments for his voluntariness claims in his motion. Although Petitioner cites *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961),[5] that case does not alter the Court's opinion. There, the Supreme Court placed great weight on the fact that the defendant had been in and out of mental institutions for most of his life and on a doctor's finding that the defendant was "suggestible and could be intimidated." *Id.* at 621. In addition to the defendant's mental conditions, police had arranged for the defendant's wife "to confront her husband and tell him to confess" during an interrogation. *Id.* at 630. The Supreme Court also noted that the defendant was not told of his right to remain silent, was not given an attorney despite asking for one, and was imprisoned for four days and questioned every day before he confessed. *Id.* at 626–27, 631–32.

Clearly, the circumstances in this case differ. Petitioner has submitted no medical evidence of lifelong mental impairment or that he is particularly susceptible to police intimidation. He never asked for a lawyer. (Doc. 13-1 at 12; Doc. 13-8 at 25). And no relative was brought into the interrogation to "confront [him] and tell him to confess." In

---

[5] Petitioner also cites circuit-court cases. Because the district court may only consider whether the state court has unreasonably applied "clearly established federal law, as determined *by the Supreme Court of the United States*," § 2254(d)(1) (emphasis added), the Court does not consider these cases.

- 8 -

fact, it was Petitioner—not police—who offered to give up the location of his son in exchange for lesser charges. (Doc. 13-1 at 83). Although, as stated in the prior order, the officers did make statements about Petitioner's daughter, these statements, if they had an effect at all, "had no discernible effect until hours later, in a separate interview." (Doc. 23 at 5). Nothing Petitioner has presented in this renewed claim establishes that the prior order was erroneous—let alone "clearly" so. *See 389 Orange Street Partners*, 179 F.3d at 665.

Second, to the extent that Petitioner argues he should have been given *Miranda* warnings, the Court is unpersuaded. A *Miranda* claim was never presented to the state courts; in fact, the opposite is true: Petitioner conceded in his brief to the Court of Appeals that he was provided with *Miranda* warnings—an assertion supported by the record. (Doc. 13-8 at 19, 25; Doc. 13-1 at 12). The Court finds no viable *Miranda* claim (and any such claim would be procedurally defaulted).

### C. Certificate of Appealability

An appeal cannot be taken from this Court's order unless it issues a certificate of appealability ("COA"). § 2253(c)(1). This requirement "also applies to orders denying reconsideration of an order [that] denied or dismissed a habeas petition." *Johnson v. Montgomery*, No. LA CV 13–07189–VBF–SH, 2014 WL 7338824, at *5 (C.D. Cal. Dec. 15, 2014) (citing *United States v. Parada*, 555 F. App'x 763, 765 (10th Cir. 2014) (holding that AEDPA "requires a petitioner to obtain a COA before he can appeal the denial of any final order in a habeas corpus proceeding, including a motion for reconsideration under Rule 59(e)").

A COA may only issue if a petitioner makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2). "[T]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Silva v. Woodford*, 279 F.3d 825, 833 (9th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). However, "[a judge] must deny a COA, even when the habeas petitioner has made a substantial showing that his constitutional rights were violated, if all reasonable jurists would conclude that a substantive provision of the federal habeas statute

bars relief." *Miller-El v. Cockrell*, 537 U.S. 322, 349–50 (2003) (Scalia, J., concurring).

First, Petitioner's claim that the Court erred by failing to consider the jury instruction claim and the Juror #106 juror irregularity claim are not meritorious. It is well-settled that the district court is not required to reconsider claims decided by a Magistrate Judge's R&R that Petitioner has not objected to. No reasonable jurist would find that conclusion debatable. Second, Petitioner's claims raised for the first time in his objections are procedurally defaulted. They were never presented to the state courts and thus cannot be considered on habeas review. Neither is this conclusion debatable. Finally, Petitioner's voluntariness claim fails for the same reason as the Court's prior order: no reasonable jurist would debate that Petitioner's statements made to police were voluntary. Although police did make statements about Petitioner's daughter, Petitioner had no discernible reaction, and his answers to police questions remained the same. Petitioner himself, not police, offered to cooperate in exchange for lesser charges. Therefore, no jurist would debate that his statements were voluntary, and they certainly would not do so under the deferential standard of review for federal habeas relief. Therefore, the COA is denied as to all claims.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Alter or Amend the Judgment (Doc. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the certificate of appealability is **DENIED** as to all claims.

Dated this 12th day of November, 2020.

_____
James A. Teilborg
Senior United States District Judge